BOROUGH OF BROOKLAWN, ASSIGNEE OF THE UNITED STATES OF AMERICA, PLAINTIFF-APPELLANT, v. BROOKLAWN HOUSING CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, MICHAEL R. GROSS AND WILLIAM OKIN, DEFENDANTS-APPELLEES.

Argued May 29, 1942—Decided September 18, 1942.

For the plaintiff-appellant, *Wilfred B. Wolcott.*

For the defendants-appellees, *Louis B. LeDuc.*

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment entered in the New Jersey Supreme Court, Camden County, in favor of the defendants, Brooklawn Housing Corporation (hereafter called the Housing Corporation) and Michael R. Gross and William Okin, and against the plaintiff, Borough of Brooklawn (hereafter called the Borough).

On November 4th, 1931, the United States Shipping Board (hereafter called the Shipping Board), an agency of the United States of America, entered into an agreement with the Housing Corporation for the sale of certain tracts of land

and premises and assignments of certain mortgages on tracts of land and premises located in the Borough of Brooklawn, Camden County. For the purchase of these tracts of land and premises and mortgages, the Housing Corporation agreed to pay $227,500, with $25,000 "as a good faith deposit" and the balance at times as specified by the agreement.

This contract also provided that the Housing Corporation did "guarantee the payment to the Borough of Brooklawn, within the period of one year from the date of this contract, of any and all taxes, assessments for public improvements, and water service or water rent charges, with interest, penalties and costs and any and all charges thereon, now assessed, levied or charged against the properties covered by the bonds and mortgages  *  *  *  or which may be assessed, levied or charged against the same at any time prior to the delivery of the assignment or assignments of a bond or bonds and a mortgage or mortgages described  *  *  *. Provided that this paragraph shall not apply to any taxes, assessments or water rents that are not a lien upon the property covered by the mortgage assigned, at the time of such assignment."

On August 16th, 1932, the agreement was extended for a further period, in consideration of which the defendants Gross and Okin guaranteed faithful performance by the Housing Corporation.

Prior to the commencement of the present action the Borough brought suit against the Housing Corporation and the individual defendants, based on the agreement above cited. The theory of that action was that the Borough was a third party beneficiary to the contract and entitled to sue thereon in its own name to recover unpaid taxes on certain of the mortgaged premises although it was not a party to the contract in question. Judge Palmer, sitting as a Supreme Court Commissioner, ordered a nonsuit to be entered in that suit on two grounds; first because the Borough was not a third party beneficiary within the meaning of the law permitting suit by such a party, and secondly, because a suit for the collection of taxes could not be maintained *ex contractu* but only by following the prescribed statutory procedure. This

court, on appeal, sustained the nonsuit on the first ground, not passing on the second. *Borough of Brooklawn* v. *Brooklawn Housing Corporation et al.,* 124 *N. J. L.* 73.

Subsequently, on December 4th, 1940, the Shipping Board, through its successor agency, the United States Maritime Commission, assigned to the Borough all its right, title and interest under the contracts.

In the present case the Borough is suing as assignee, and seeks to recover taxes and interest amounting to $12,559.70, which was unpaid at the time the Housing Corporation took by assignment the six mortgages specially set forth in the complaint.

The action was brought in two counts, one seeking recovery from the Housing Corporation, and the other directed against the defendants, Gross and Okin as guarantors. Numerous defenses were set up in the answer by the defendants. The plaintiff Borough moved to strike certain separate defenses as not constituting legal defenses and defendants resisted such motion and contended in opposition that each of the first and second counts of the complaint was insufficient in law, and, after argument, the court struck out both counts of the complaint on the ground that they did not set forth a valid and enforceable cause of action; and from the judgment entered therein this appeal is taken.

It must be noted that although the plaintiff Borough is the party directly interested in the payment of the amount represented by unpaid taxes, it is suing as an assignee of the Shipping Board. In other words, the Borough is not seeking to enforce its own rights, but only such rights of the Shipping Board as the Borough now holds by assignment. In such instance it is fundamental that the assignee can have no greater rights than the assignor and can recover no more than the assignor could have recovered under the contract. *Boyd* v. *Brown,* 115 *N. J. L.* 611.

There would seem to be no question that the Shipping Board, as an agency of the United States, was not liable for payment of taxes to the Borough.

The complaint alleges that the United States of America,

represented by the Shipping Board, took the position that the Borough could not lawfully levy taxes or assessments against the land and premises belonging to the United States of America and that the mortgages held by the said United States of America against the premises which it had sold and conveyed were prior in lien to said taxes and assessments; that it recognized the need of the Borough for revenue, and its moral right to collect said revenue by way of taxation, or otherwise, from all properties located within the limits of said Borough, and the moral duty of the United States of America to pay the taxes and assessments which had been levied and assessed against the lands belonging to it or against which it held mortgages; and that on numerous occasions, the representatives of the United States of America discussed with the officials of said Borough various ways and means of furnishing its fair share of said revenue to the said Borough.

Obviously, these allegations in the complaint are based solely upon moral rather than upon legal rights and duties.

The Shipping Board owed nothing to the Borough, and had no debt with relation to the properties for which it needed the protection of a promise of assumption by the Housing Corporation.

Since the Shipping Board had no obligation with regard to taxes, it follows that it could suffer no loss or damage if the taxes remained unpaid. Consequently, if the Shipping Board had brought an action for breach of the Housing Corporation's promise to pay taxes (assuming, without deciding a right to bring such action existed), the recovery could have been for nominal damages at most. This being true as to the assignor, it is also true as to the Borough as assignee, no matter how much more direct might be its interest.

The plaintiff contends that the contracts involved a direct promise by the Housing Corporation to pay a sum equal to the tax moneys due. Thus, it is claimed that the Shipping Board could have recovered this amount without having sustained any loss or without having been called upon to make any payment. Reliance is placed on the line of cases represented by *Sparkman* v. *Gove,* 44 *N. J. L.* 252, and *Bruen* v.

*Tepperman,* 116 *N. J. Eq.* 398. Such cases, however, are of a type in which A promises B to pay a debt owed by B to C. If A does not perform, B can recover without having paid the debt, since A's promise is direct to B and not conditioned on B's liability to C. This rule, however, has no application in the present case, since there was no obligation running from the Shipping Board to the Borough. True, the Housing Corporation promised the Shipping Board to pay to the Borough a sum represented by taxes due, but the measure of recovery by the Shipping Board for a breach of this promise could be no more than the damage which was suffered, or could be suffered, by the Shipping Board because of the breach. Since there would be no loss to the Shipping Board under the contract, there can be no loss to the Borough as assignee of the Shipping Board. It is immaterial whether the promise of the Housing Corporation be considered a primary obligation or guaranty, surety, or indemnity, the Borough cannot recover any more than the Shipping Board could have recovered in its own right.

The case of *Boyd* v. *Brown, supra,* presents a situation similar to the instant case. There, Arbor Terrace, Inc., sold a piece of property to Brown, subject to a mortgage held by Boyd, and in the agreement, Brown promised to pay a certain amount of accrued taxes. Subsequently Boyd foreclosed the mortgage, purchased the property, paid the accrued taxes, and sued Brown on the agreement to pay taxes which had been assigned by Arbor Terrace, Inc., to Boyd. This court held Arbor Terrace, Inc., was not liable for payment of taxes at the time of the assignment and said—"When, therefore, Boyd after having foreclosed the mortgage without including the taxes in his decree took title and thereafter paid the taxes he was a pure volunteer, even though the property might still be liable for them. He had no claim by reason of such payment on Arbor Terrace. Arbor Terrace was not damaged by their continued existence or their payment. There was, therefore, no damage sustained by the latter in the failure of Brown to pay the taxes, and, not being damaged,

there was naught of substance in the agreement which it could by subsequent assignment transfer to Boyd."

So in the case before us, the Shipping Board, as stated before, was under no obligation to pay taxes, and the failure of the Housing Corporation to pay them resulted in no damage to the Shipping Board. Consequently, there was nothing which could be assigned to the Borough which could support a recovery in this case.

There might be some question with regard to the recovery of nominal damages for a technical breach of contract. However, this point has not been raised by the plaintiff-appellant, and it is, therefore, passed over here. From a practical viewpoint, however, this would not affect or change the status of the parties.

Since there can be no recovery against the Housing Corporation, it follows that there is no liability on the part of the defendants Gross and Okin as guarantors.

We are of the opinion that the order of the court below striking out the first and second counts of the complaint was proper, and the judgment entered thereon is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.